UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WILMINGTON SAVINGS FUND
SOCIETY, FSB, D/B/A CHRISTIANA
TRUST, NOT INDIVIDUALLY BUT AS
TRUSTEE FOR PRETIUM MORTGAGE
ACQUISTION TRUST,

                              Plaintiff,                                   **REPORT AND**
                                                                             **RECOMMENDATION**
      -against-                                         CV 18-2036 (DRH)(AYS)

LILLIAN COSTA,

                              Defendant.
-----------------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

      Before the Court, on referral from the Honorable Denis R. Hurley for Report and Recommendation, is Plaintiff Wilmington Savings Fund Society, FSB's ("Plaintiff") motion for default judgment. (Docket Entry ("DE") [13].) By way of a Complaint filed on April 5, 2018, Plaintiff commenced this foreclosure action against Defendant Lillian Costa ("Defendant"), seeking, among other things, to foreclose on a mortgage encumbering the real property located at 283 West 24th Street, Deer Park, New York 11729 (the "Property"). (Compl., DE [1].) After Defendant failed to answer or otherwise respond to Plaintiff's Complaint, the Clerk of the Court entered a default against her on May 16, 2018. (DE [9].) On July 2, 2018, Plaintiff filed the within motion for default judgment, (DE [13]), which Judge Hurley referred to this Court for a recommendation as to whether the motion should be granted and, if so, to determine the appropriate amount of damages, costs and fees, if any, to be awarded. (Elec. Order of Hurley, J., dated July 3, 2018.) For the following reasons, this Court respectfully recommends that Plaintiff's motion be granted and that Plaintiff be awarded damages as set forth herein.

BACKGROUND

On or about October 29, 2010, Defendant executed and delivered a note (the "Note") to Home Loan Center, Inc. ("Home Loan") in the principal amount of $253,000 in connection with the Property. (Compl. ¶ 8; Note, Nardolillo Decl., Ex. A, (DE [13-2]), at 1; Nardolillo Decl., Ex. F, (DE [13-2]), ¶ 5.) To secure payment of the principal sum, Defendant executed and delivered to Mortgage Electronics Registration Systems, Inc., as nominee for Home Loan, a mortgage on the Property (the "Mortgage"). (Mortgage, Nardolillo Decl., Ex. B (DE [13-2]; Nardolillo Decl., Ex. F, ¶ 7.) On December 8, 2010, the Mortgage was recorded in the Suffolk County Clerk's Office under Liber 22018 at page 135. (Compl. ¶ 9; Nardolillo Decl., ¶ 18; Nardolillo Decl, Ex. B.) The Mortgage was subsequently assigned a number of times – first, to JPMorgan Chase Bank, N.A., then to Specialized Loan Servicing LLC, and finally, to Plaintiff. (Compl. ¶¶ 10-12; Nardolillo Decl., Ex. F, ¶ 7.)

The terms of the Note and Mortgage required Defendant to make monthly principal and interest payments in the amount of $1,319.77, beginning on December 1, 2010. (Note at 1.) If Defendant failed to make any monthly payment in full, she would be in default. (Id. at 2.) If Defendant did not cure the default after receiving proper notice, the Note and the Mortgage permitted Plaintiff to accelerate the loan and demand immediate payment in full of the outstanding principal and interest. (Id.) Failure to make immediate payment in full allows Plaintiff to commence legal action to extinguish Defendant's interest in the Property and to have the property sold. (Mortgage ¶ 22.)

Consistent with these terms, Plaintiff alleges that Defendant failed to make the required monthly payments beginning with the October 1, 2015 payment. (Compl. ¶ 13; Nardolillo Decl., Ex. F, ¶ 8.) On October 10, 2017, in compliance with Section 1304 of the New York Real

2

Property Actions and Proceedings Law ("RPAPL"), Plaintiff sent Defendant a ninety-day pre-foreclosure notice. (Nardollilo Decl., Ex. F, ¶ 9.) Within three business days of mailing the pre-foreclosure notice to Defendant, Plaintiff electronically filed notice with the Superintendent of Financial Services on October 13, 2017, as required by New York RPAPL Section 1306(2). (Id. ¶ 10.) On December 19, 2017, a notice of default was mailed to Defendant. (Id. ¶ 11.)

Plaintiff thereafter commenced the within action against Defendant, seeking a Judgment of Foreclosure and Sale for the Property. On July 2, 2018, Plaintiff filed the within motion for default judgment, seeking to recover a total of $291,356.29 in damages, which includes: (1) $231,790.56 in unpaid principal; (2) $30,579.15 in interest from September 1, 2015 to June 11, 2018, at a rate of 4.75%, as specified in the Note; (3) $25,570.02 in disbursements; and, (4) $3,416.56 in attorney's fees and costs. (Nardolillo Decl., Ex. H (DE [13-2].) Plaintiff further seeks entry of a Judgment of Foreclosure and Sale and appointment of a referee to effectuate the sale of the Property, pursuant to the terms of a proposed form of judgment. (Nardolillo Decl., Ex. I.) Finally, Plaintiff seeks reformation of the Mortgage recorded on December 8, 2010.

## DISCUSSION

I. <u>Legal Standard</u>

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides for a two-step process. <u>See</u> Fed. R. Civ. P. 55; <u>Priestley v. Headminder, Inc.</u>, 647 F.3d 497, 504-05 (2d. Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. <u>See</u> Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. <u>See</u> <u>id.</u>

Where a default occurs, the well-pleaded factual allegations set forth in the Complaint are deemed to be true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). However, "[i]t is well established that a party is not entitled to a default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound discretion of the court." Allstate Ins. Co. v. Howell, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Ferrara v. Tire Shop Ctr., No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015). Accordingly, the district court must determine whether a plaintiff's allegations establish liability as a matter of law. See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("[P]rior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish the [defendant's] liability as a matter of law.") (internal quotation omitted).

II.     Plaintiff is Entitled to a Default Judgment Against Defendant

Pursuant to New York law, a plaintiff seeking to foreclose upon a mortgage must demonstrate "the existence of the mortgage, ownership of the mortgage, and the defendant's default in payment on the loan [secured by the mortgage]." OneWest Bank, N.A. v. Hawkins, No. 14-cv-4656, 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015) (citing Campaign v. Barba,

4

805 N.Y.S.2d 86 (2d Dep't 2005)). Thus, once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has established a prima facie entitlement to judgment, and the burden shifts to the defendant to rebut the plaintiff's evidence. See BH99 Realty, LLC v. Li, No. 10-cv-693, 2011 WL 1841530, at *5 (E.D.N.Y. Mar. 6, 2011); see also U.S. v. Watts, No. 13-cv-3211, 2014 WL 4275628, at *3 (E.D.N.Y. May 28, 2014) ("[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor.").

Here, the allegations in the Complaint, as well as the documentary evidence submitted in support of Plaintiff's instant motion, establish that Plaintiff is entitled to a default judgment against Defendant. Plaintiff has produced copies of the Mortgage and Note, thereby establishing Defendant's obligations arising thereunder. Plaintiff has also established that Defendant defaulted on October 1, 2015, failed to cure her default despite Plaintiff's proper demands for full payment of all outstanding principal and interest, and as of June 11, 2018, owed Plaintiff a total of $262,369.71 in outstanding principal and interest due on the Note. (Nardolillo Decl., Ex. H.) Because Defendant failed to answer the Complaint or oppose the within motion, Defendant has failed to rebut Plaintiff's prima facie showing that it is entitled to a default judgment.

Accordingly, this Court respectfully recommends that Plaintiff's motion for default judgment be granted.

III.   Damages

Once liability is established, the court must ascertain damages with "reasonable certainty." Credit Lyonnais Sec. (USA) Inc. v. Alcantara, 183 F.3d 151, 155) (2d Cir. 1999). "While a party's default is deemed to constitute a concession of all well-pleaded allegations of

5

liability, it is not considered an admission of damages." Greyhound, 973 F.2d at 158 (citations omitted). Rather, damages must be proven, usually "in an evidentiary hearing in which the defendant has an opportunity to contest the amount" claimed. Id. An evidentiary hearing is not required, however, if there is a basis, by detailed affidavits and other documentary evidence, for the damages awarded. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d. Cir. 1997); Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991). Plaintiff is "entitled to all reasonable inferences" from the evidence it offers. Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

Plaintiff seeks a total of $291,356.29 in damages, which includes: (1) $231,790.56 in unpaid principal; (2) $30,579.15 in interest; (3) $25,570.02 in disbursements; and, (4) $3,416.56 in attorney's fees and costs. (Nardolillo Decl., Ex. H.) Plaintiff also seeks entry of a Judgment of Foreclosure and Sale permitting Plaintiff to foreclose upon and sell the Property at auction. (Nardolillo Decl., Ex. I.)

    A.    The Outstanding Amount Due Under the Note

Plaintiff seeks to recover a total of $287,939.73 for the outstanding amount due under the Note, which is comprised of: (1) $231,790.56 in unpaid principal; (2) $30,579.15 in interest, accrued at an annual rate of 4.75% from September 1, 2015 through June 11, 2018; and, (3) $25,570.02 in disbursements. (Nardolillo Decl., Ex. H.)

        i.    Principal

Pursuant to the terms of the Note, Defendant promised to pay Plaintiff a total of $253,000 in principal, plus interest. (Note at 1.) Plaintiff submitted documentation asserting that, at the time of Defendant's default on October 1, 2015, the Note had an unpaid principal balance of $231,790.56. (Compl. ¶ 14; Nardolillo Decl., Ex. F ¶ 12.) Plaintiff's

6

allegations and documentation further establish that after Defendant's initial default, Defendant did not make any further payments to reduce the outstanding principal balance. (Compl. ¶ 13; Nardolillo Decl., Ex. F ¶ 8.)

Accordingly, this Court recommends that Plaintiff be awarded $231,790.56 in unpaid principal due and owing under the Note.

### ii. Interest

The Note further provides that, both before and after default, interest accrues on the outstanding principal balance at an interest rate of 4.75% per annum. (Compl. ¶ 14; Note at 1.) Plaintiff's allegations establish that Defendant's first missed payment occurred on October 1, 2015, which would have included interest accrued beginning on September 1, 2015. (Compl. ¶ 14; Nardolillo Decl., Ex. H.) Applying the Note's 4.75% interest rate to the $231,790.56 in outstanding principal, interest accrues at rate of $30.16 per day.[1] Plaintiff requests $30,579.15 in interest from September 1, 2015 through June 11, 2018. As of the date of this Report and Recommendation, since June 12, 2018, Defendant has failed to pay an additional 140 days' worth of accrued interest.

Accordingly, this Court recommends that Plaintiff be awarded the interest requested of $30,579.15 through June 11, 2018. This Court further recommends that Plaintiff be awarded $4,222.40 in unpaid interest through the date of this Report and Recommendation, for a total interest award thus far of $34,801.55. In addition, this Court recommends that Plaintiff be awarded $30.16 in per diem interest until the date on which judgment is entered. See Eastern

---

[1] The daily rate is calculated by multiplying the unpaid principal balance by the annual interest rate divided by 365 days.

Sav. Bank, FSB v. McLaughlin, No. 13-cv-1108, 2015 WL 5657355, at *55 (E.D.N.Y. Aug. 17, 2015) (recommending award of per diem interest in action for judgment of foreclosure and sale).

Additionally, this Court recommends awarding post-judgment interest, to be calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered.  See 28 U.S.C. § 1961(a) ("[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."); see also Schipani v.McLeod, 541 F.3d 158, 165 (2d Cir. 2008) (holding that post-judgment interest is mandatory and calculated pursuant to federal statute); Builders Bank v. Northern Funding, LLC, No. 08-cv-3575, 2012 WL 4928854, at *1 (E.D.N.Y. Oct. 16, 2012) (awarding post-judgment interest at the federal rate in action for judgment of foreclosure and sale).

B.   Other Costs

Plaintiff also seeks a total of $25,570.02 in other costs, which include: (1) $4,037.00 in hazard insurance disbursements; (2) $18,854.97 in tax disbursements; and (3) $2,678.05 in property inspections/preservation.  (Nardolillo Decl., Ex. H.)  The Court is unable to find any documents supporting an explanation for these amounts.  Therefore, Plaintiff has failed to show a "reasonable inference" evidencing the requested amounts.  See Au Bon Pain Corp., 653 F.2d at 65.

Accordingly, this Court recommends that Plaintiff's request for damages relating to hazard insurance disbursements, tax disbursements and property inspections/preservation be denied.

8

IV.    <u>Attorney's Fees and Costs</u>

    A.    <u>Attorney's Fees</u>

As a general matter when determining attorney's fees, the "starting point" for calculating a "presumptively reasonable fee," is "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." <u>Millea v. Metro-North R.R. Co.</u>, 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'") (quoting <u>Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany</u>, 522 F.3d 182, 183 (2d Cir. 2008)). The Supreme Court has held that "the lodestar method produces an award that <u>roughly</u> approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." <u>Perdue v. Kenny A.</u>, 559 U.S. 542, 551 (2010) (emphasis in original). "[T]he lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee.'" <u>Id.</u> at 553 (citation omitted); <u>see also</u> <u>Arbor Hill</u>, 522 F.3d at 190-91 (holding that a court determines a "presumptively reasonable fee" by considering case specific factors in order to establish a reasonable hourly rate that a "reasonable, paying client would be willing to pay," and then multiplying that rate by the number of reasonable hours). This assessment is undertaken "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." <u>Arbor Hill</u>, 522 F.3d at 190.

The reasonableness of hourly rates is guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," <u>Blum v. Stenson</u>, 465 U.S. 886, 895 n.11 (1984), and the relevant community is

9

generally the "district in which the court sits." Polk v. New York State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983). Moreover, "[t]he burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed," Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012), and this Circuit requires contemporaneous billing records for each attorney who worked on the action. See Scott v. City of New York, 643 F.3d 56, 57 (2d Cir. 2011). Finally, there is a "strong presumption" that the lodestar represents the appropriate award, though "enhancements may be awarded in rare and exceptional circumstances." Perdue, 559 U.S. at 552.

Here, Plaintiff seeks to recover a flat fee of $2,525.00 in attorney's fees and has submitted an Attorney Fee Affirmation from Michael W. Nardolillo, Esq., dated July 2, 2018. (Nardolillo Decl., Exs. G, H (DE [13-2].) The Attorney Fee Affirmation provides a schedule outlining the attorney's fees associated with the default judgment for Defendant's failure to answer or appear and sets forth a description of the tasks performed, the dates on which those tasks were performed, and the amount of time spent on each individual task. (Nardolillo Decl., Ex. G ¶¶ 4, 6.) Because Plaintiff's counsel is charging a flat fee for representation in this action, individual billing records are not maintained. (Id. ¶ 4.)

The Court finds the hours expended and the fees charged to be reasonable. Accordingly, this Court respectfully recommends that Plaintiff be awarded $2,525.00 in attorney's fees.

B. Costs and Disbursements

Plaintiff also seeks a total of $891.56 in costs and disbursements in connection with the instant action. (Nardolillo Decl., Ex. H.) These costs are comprised of: (1) the $400.00 filing fee; (2) $81.56 for searches; (3) $190.00 for service of the Summons and Complaint; and, (4) $220.00 in fees for filing the Notice of Pendency.

10

Reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998). However, the party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested." Ganci v. U.S. Limousine Serv. Ltd., No. 10-cv-3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (quoting Pennacchio v. Powers, No. 05-cv-985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)).

Here, Plaintiff has failed to submit sufficient invoices, receipts, or other documentary proof of the costs and disbursements it seeks to recover. Rather, the costs are simply itemized in Plaintiff's Statement of Damages, with no documentary evidence attached to support a finding that they were actually charged to the client. (Nardolillo Decl., Ex. H.) While the Court can take judicial notice of the filing fees charged by the Court for commencing this action and for filing the Notice of Pendency, there is nothing offered to support the remaining costs requested.

Accordingly, this Court respectfully recommends that Plaintiff's request for costs and disbursements be granted only with respect to the $620.00 sought in court filing fees and denied in all other respects.

V.      Judgment of Foreclosure and Sale and Appointment of Referee

Plaintiff further seeks a judgment of foreclosure and sale and appointment of a referee. A plaintiff is entitled to foreclose upon and sell a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation." OneWest Bank N.A. v. Cole, No. 14-cv-3078, 2015 WL 4429014, at *1 (E.D.N.Y. July 17, 2015) (authorizing foreclosure and sale of property upon entry of default judgment). Further, courts routinely appoint referees to effectuate the sale of foreclosed properties." See, e.g., PMP Tech. Servs., LLC v. Mazoureix, No. 14-cv-4834, 2015 WL 5664823, at *1 (E.D.N.Y. Sept. 23, 2015)

(awarding a judgment of foreclosure and sale under the supervision of a referee); Eastern Sav. Bank v. Evancie, No. 13-cv-878, 2014 WL 1515643, at *1 (E.D.N.Y. Apr. 18, 2014) (same).

Having determined that Plaintiff has established its presumptive right to foreclose upon the Property due to Defendant's default, this Court recommends appointing a referee to effectuate the foreclosure and sale of the Property. This Court further recommends that the proceeds of the sale be applied to the total amount owed on the Note as set forth above. See OneWest Bank, N.A. v. Denham, No. cv 14-5529, 2015 WL 5562980, at *14 (E.D.N.Y. Aug. 31, 2015) (recommending that the relevant property be foreclosed upon and sold with the proceeds being applied to the outstanding amount owed on the note).

VI.    Reformation of the Mortgage

Finally, Plaintiff requests that the legal description in the Mortgage recorded on December 8, 2010 in Liber 22018, page 135 in the Office of the Suffolk County Clerk, be reformed to correct an error. (Compl. ¶¶ 18-21; Nardolillo Decl. ¶¶ 16-18.) Specifically, while the recorded mortgage accurately references the address of the property encumbered by the mortgage as 283 West 24th Street, Deer Park, NY 11729, the legal description in the Mortgage that was recorded contains an error in that the beginning points states "34th Street" instead of "24th Street." (Compl. ¶ 20; Nardolillo Decl. ¶ 17.) Accordingly, Plaintiff requests reformation of the recorded mortgage. (Compl. ¶ 21.)

Reformation is an equitable remedy that allows courts "to align erroneous legal instruments with the executing parties' intent by transposing, rejecting, or supplying terms to correct or clarify the document." In re Cross Island Parkway, No. 12-42491, 2015 WL 4610382, at *10 (E.D.N.Y. Bankr. July 30, 2015) (citing Al's Atl., Inc. v. Shatma, LLC, 971 N.Y.S.2d 9 (2d Dep't 2013)). Reformation is appropriate to remedy "[m]istakes made in the description,

12

quantity or condition of land." OneWest Bank, N.A. v. Denham, No. CV 14-5529, 2015 WL 5562980, at *6 (E.D.N.Y. Aug. 31, 2015), adopted by, 2015 WL 5562981, at *1 (E.D.N.Y. Sept. 21, 2015).

Here, as set forth in the Complaint, Plaintiff requests that the Court issue an Order reforming and correcting the description of the Property to read as follows:

> ALL that certain parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Babylon, County of Suffolk, and State of New York, being known and designated as follows, as shown on a certain map entitled, "Map of Plot #2 of Deer Park, property of Deer Park Investment Company," filed in the Office of the Clerk of the County of Suffolk on December 12, 1892, as Map No. 118, known and Designated as Lots 67, 68, part of Lots 1 to 4, Block 205; said lots being bounded and described as follows:
>
> BEGINNING at a point on the easterly side of West 24th Street distant 75 feet southerly from the corner formed by the intersection of the easterly side of West 24th Street with the southerly side of Oakland Avenue;
>
> RUNNING THENCE North 73 degrees 18 minutes 30 seconds East 100 feet;
>
> THENCE South 16 degrees 41 minutes 30 seconds East 75 feet;
>
> THENCE South 73 degrees 18 minutes 30 seconds West 100 feet to the easterly side of West 24th Street;
>
> THENCE along the easterly side of West 24th Street, North 16 degrees 41 minutes 30 seconds West 75 feet to the point or place of beginning.

(Compl. ¶ 21.)

It is clear that the legal description of the Mortgage recorded on December 8, 2010 contains an error since the Property lies on 24th Street, not 34th Street. Accordingly, this Court respectfully recommends that the relief Plaintiff seeks by way of an order reforming the Property description be granted.

13

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Plaintiff's motion for default judgment be granted and that Plaintiff be awarded damages as follows: (1) $231,790.56 in unpaid principal under the Note; (2) $34,801.55 in interest accrued through the date of this Report and Recommendation, with additional per diem interest to be calculated at a rate of $30.16 per day through the date that judgment is entered; and, (3) post-judgment interest, to be calculated by the Clerk of the Court, pursuant to 28 U.S.C. § 1961(a). The Court further recommends that Plaintiff be awarded $2,525.00 in attorney's fees and $620.00 in costs and disbursements. In addition, the Court recommends that an Order similar to Plaintiff's proposed Judgement of Foreclosure and Sale, but consistent with the instant Report and Recommendation, be entered and that a referee be appointed to effectuate the sale of the Property. Finally, the Court recommends that Plaintiff's application to reform the legal description of the Mortgage as recorded on December 8, 2010 in Liber 22018, page 135 in the Office of the Suffolk County Clerk, be granted, as set forth herein.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendant at her last known address(es) and to file proof of service on ECF by November 1, 2018. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for

filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.  Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED.**

Dated: Central Islip, New York
        October 29, 2018

                                        /s/ Anne Y. Shields
                                        ANNE Y. SHIELDS
                                        United States Magistrate Judge